# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3283 | **DATE** | 12/5/2003 |
| **CASE TITLE** | MILES vs. BARRINGTON MOTOR SALES, INC., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____ .
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .
(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(7) ☐ Trial[set for/re-set for] on _____ at _____ .
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiffs' unopposed motion *in limine* No. 1 and defendants' unopposed motion *in limine* No. 2 are granted. Plaintiffs' motion *in limine* No. 2 is granted. Plaintiffs' motion *in limine* No. 3 and defendants' motions in limine No. 1, No. 3, No. 4 and No. 5 are denied. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | DEC 0 8 2003 | |
| X | Notified counsel by telephone. | date docketed | 67 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | |
| | Copy to judge/magistrate judge. | 03 DEC -5 PM 1:07 | 12/5/2003 |
| | | | date mailed notice |
| CB | courtroom deputy's initials | Date/time received in central Clerk's Office | PW mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| RONALD MILES and SANDRA MILES, | ) |
| Plaintiffs, | ) No. 03 C 3283 |
| v. | ) Suzanne B. Conlon, Judge |
| BARRINGTON MOTOR SALES, INC., MONACO COACH CORPORATION, MAGNUM MANUFACTURING, INC., BEAVER MOTOR COACHES, INC., and CIT SALE FINANCING, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Ronald and Sandra Miles ("plaintiffs") sue Barrington Motor Sales, Inc. ("Barrington Motor"), CIT Sale Financing ("CIT") and Monaco Coach Corporation ("Monaco"), Magnum Manufacturing, Inc. ("Magnum") and Beaver Motor Coaches, Inc. ("Beaver Motor") (collectively, "Monaco"[1]) for damages relating to their purchase, use and ownership of a 2001 Beaver Contessa motor home. Five of plaintiffs' claims remain for trial: breach of written warranty against Monaco and Barrington Motor (Count I) and breach of implied warranty of merchantability against Barrington Motor (Count II) under the Magnuson-Moss Act, 15 U.S.C. § 2301 *et seq.*; revocation of acceptance under 810 ILCS 5/2-608 (Count III) and common law fraud (Count VI) against Barrington Motor; and revocation of retail installment contract under 16 C.F.R. 433.2 against CIT (Count IV). In addition, CIT counterclaims against plaintiffs for breach of contract and cross-claims

---

[1] Magnum and Beaver Motor are now unincorporated divisions of Monaco.

1

against Barrington Motor for breach of contract and unjust enrichment. Plaintiffs and Barrington Motor, Monaco and CIT (collectively, "defendants") move *in limine* to bar evidence at trial.

## DISCUSSION

### I. Standard of Review

Evidence is excluded on a motion *in limine* only if the evidence is clearly inadmissible for any purpose. *See Hawthorne Partners v. AT&T Technologies*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Motions *in limine* are disfavored; admissibility questions should be ruled upon as they arise at trial. *Id.* Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy and prejudice to be resolved in context. *Id.* at 1401. Denial of a motion *in limine* does not mean evidence contemplated by the motion will be admitted at trial. Instead, denial of the motion means the court cannot or should not determine whether the evidence in question should be excluded before trial. *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989).

### II. Plaintiffs' Motions *in Limine*

### A. Expert Witnesses' Opinions

Plaintiffs move to limit the testimony of defendants' proposed expert witnesses to opinions disclosed during discovery. Defendants do not object to plaintiffs' motion. Undisclosed expert opinions are automatically excluded unless the proponent can show that its violation of Rule 26(a) was either justified or harmless. *Nutrasweet Co. v. X-L Engineering Co.*, 227 F.3d 776, 785-86 (7th Cir. 2000). Therefore, plaintiffs' unopposed motion *in limine* relating to undisclosed opinions of defendants' proposed expert witnesses is granted.

B.  **Use Value of Motor Home**

Defendants object to plaintiffs' motion to bar their proposed experts from testifying regarding the use value of the motor home. According to defendants, use value is implicitly included in their expert's determination of the fair market value of the motor home. Defendants fail to offer any factual or legal authority for their position. To the contrary, the use value of an allegedly defective vehicle is treated separately from its present value under the Magnuson-Moss Act. *See Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 959 (7th Cir. 1998)(amount in controversy for Magnuson-Moss claim is determined by subtracting both fair market value and use value of the allegedly defective vehicle from the cost of a replacement vehicle). Therefore, plaintiffs' motion to bar defendants from offering expert testimony regarding the use value of the motor home must be granted.

C.  **Warranty Disclaimers**

Plaintiffs move to bar evidence of any implied warranty disclaimers pursuant to 15 U.S.C. § 2308. Section 2308 provides:

> No supplier may disclaim or modify (except as provided in subsection (b) of this section) any implied warranty to a consumer with respect to such consumer product if (1) such supplier makes any written warranty to the consumer with respect to such consumer product, or (2) at the time of sale, or within 90 days thereafter, such supplier enters into a service contract with the consumer which applies to such consumer product.

In other words, plaintiffs seek a substantive ruling on whether Barrington Motors can prove the implied warranty disclaimer alleged in its first affirmative defense.

"Generally, whether or not an affirmative defense is available to a defendant requires the resolution of factual issues, and thus, where a court rules on the availability of a pre-trial motion *in*

3

*limine*, the trial court must accept as true the evidence proffered by the defendant." *United States v. Tokash*, 282 F.3d 962, 967 (7th Cir. 2002). According to defendants, Barrington Motor may properly disclaim any implied warranty because it did not issue or adopt a written warranty or service contract. It is uncontested that Barrington Motor did not issue a written warranty or service contract. Motion at 1-2. *See also* Final Pretrial Order, Schedule C at ¶ 10 ("Barrington did not issue any written warranties for the subject motor home"). Rather, plaintiffs claim Barrington Motor "provided to [plaintiffs], a written warranty on behalf of the Manufacturer, and thereby adopted the warranty." However, mere "delivery, presentation or explanation of a manufacturer's warranty, without more, does not render a dealer a cowarrantor by adoption." *Lytle v. Roto Lincoln Mercury & Suburu, Inc.*, 167 Ill. App. 3d 508, 514, 521 N.E.2d 201, 204-05 (2nd Dist. 1988) and cases cited therein. Based on this record, plaintiffs' motion must be denied.

### III. Defendants' Motions *in Limine*

### A. Defects Not Alleged in the Complaint

Defendants move to bar evidence relating to defects in the motor home that were not disclosed in the complaint as irrelevant and unduly prejudicial. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues. Fed. R. Evid. 403.

Contrary to defendants' position, plaintiffs are not required to allege all of their evidence in the complaint. *See* Fed. R. Civ. P. 8 (complaint need only contain "a short plain statement of the

4

claim showing that the pleader is entitled to relief"). Defendants fail to proffer authority showing that evidence not included in the complaint is automatically irrelevant or unduly prejudicial. Accordingly, defendant's motion must be denied.

**B.     Uncovered Defects**

Defendants move to bar evidence relating to any alleged defects not covered by the warranties, or that were reported after the warranties expired, as irrelevant and unduly prejudicial. Plaintiffs do not object to defendants' motion. Therefore, defendants' motion is granted.

**C.     Motion For Reconsideration**

Although titled a motion *in limine*, Barrington Motors moves for reconsideration of the court's July 22, 2003 order denying its motion to dismiss Count II based on a purported disclaimer contained in the buyer's order for the motor home. As an initial matter, Barrington Motors fails to provide a procedural basis for its motion. Indeed, "[m]otions *in limine* are used for disposing of evidentiary matters before trial; they are not a proper forum for substantive rulings." *KRW Sales, Inc. v. Kristel Corp.*, No. 93 C 4377, 1994 WL 75522, at *1 (N.D. Ill. March 8, 1994). Nor does Barrington Motors explain the four month delay in moving for reconsideration. As a result, Barrington Motor's improper and untimely motion for reconsideration must be denied.

Even if reconsideration were appropriate on the eve of trial, Barrington Motors' motion fails on the merits. According to Barrington Motors, it effectively disclaimed all warranties in the purchase contract signed by plaintiffs two days before they signed the buyer's order. As plaintiffs point out, the buyer's order specifically provides:

> Purchaser agrees that this order includes all of the terms and conditions on both the front and back side hereof and that this contract cancels and supersedes any prior agreement including oral agreements.

5

Compl. at Ex. A. "It is well settled under the doctrine of merger and the parol evidence rule that a written agreement which is complete on its face supersedes all prior agreements on the same subject matter and bars the introduction of evidence concerning any prior term or agreement on the subject matter." *WFC Commodities Corp. v. Linnco Futures Group, Inc.*, No. 98 C 1354, 1998 WL 834374, at *3 (N.D. Ill. Nov. 25, 1998), *quoting Barille v. Sears Roebuck and Co.*, 289 Ill. App. 3d 171, 177, 682, N.E.2d 118, 123 (1st Dist. 1997). Therefore, Barrington Motor's motion for reconsideration based on the purchase order must be denied.

**D.  Photographs**

Defendants move to bar plaintiffs from introducing seven photographs of the motor home as unduly prejudicial. According to defendants, the poor quality of the photographs make it impossible to determine whether: (1) the motor home at issue is depicted; (2) on a flat surface; (3) with its wheels positioned properly. Sufficient distortion of a photograph may render it unduly prejudicial under Fed. R. Evid. 403. *United States v. Dombrowski*, 877 F.2d 520, 525 (7th Cir. 1989). However, it is impossible to tell from the poor photocopies of the photographs submitted with defendants' motion whether the photographs are inadmissible. Accordingly, defendants' motion must be denied.

**E.  Incidental and Consequential Damages**

Defendants move to bar plaintiffs from introducing evidence of incidental and consequential damages, claiming the manufacturers' warranties do not cover these types of damages. As plaintiffs point out, failure of the essential purpose of a warranty can void a limitation of liability:

> [I]n those situations where the limited warranty fails to provide the benefits that the buyer expected (i.e., to repair or replace defective parts) and the parties are clearly on unequal terms with respect to relative bargaining power, the case-by-case

6

approach enunciated in *AES* enables the courts to examine '[t]he intent of the parties, as gleaned from the express provisions of the contract and the factual background' to determine whether consequential damages are warranted.

*Smith v. Navistar Int'l Transp. Corp.*, 957 F.2d 1439 (7th Cir. 1992), *quoting AES Technology Systems, Inc. v. Coherent Radiation*, 583 F.2d 933, 941 (7th Cir. 1978). Defendants do not claim the parties negotiated the form warranty. Nor does it appear plaintiffs had any bargaining power in purchasing the motor home for personal use. *See Jones v. Fleetwood Motor Homes*, 127 F.Supp.2d 958, 965 (N.D. Ill. 2000)("Plaintiff, an individual purchaser of a motor home to be used for pleasure, not business, had no bargaining power"). More importantly, plaintiffs allege that the repairs contemplated by the warranty were never successful. Based on this record, defendants' motion to bar plaintiffs from introducing evidence of incidental and consequential damages must be denied.[2]

## CONCLUSION

The parties' motions *in limine* are granted in part and denied in part. Plaintiffs' unopposed motion regarding defendants' proposed experts and motion regarding use value are granted. Defendants' unopposed motion regarding uncovered defects is granted. The parties' remaining motions are denied.

December 5, 2003                  ENTER:

                                                   *Suzanne B. Conlon*
                                                   Suzanne B. Conlon
                                                   United States District Judge

---

[2] To the extent defendants' motion is based on Barrington Motor's purchase contract, it cannot be considered under the merger doctrine and parole evidence rule. *WFC Commodities*, 1998 WL 834374, at *3.